# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SEIFULLAH A. ALI,

   Plaintiff,

v.

PRINCE GEORGE'S CO. CIR. CT.,
JUDGE DWIGHT D. JACKSON,

   Defendants.

Civil Action No.: PWG-19-2062

## MEMORANDUM OPINION AND ORDER

This civil rights complaint filed pursuant to 42 U.S.C. § 1983, concerns pro se Plaintiff Seifullah Ali's claim that Judge Dwight D. Jackson of the Circuit Court for Prince George's County, Maryland did not correct an error in a newly issued commitment order following a resentencing hearing that occurred on February 1, 2019. ECF No. 1 at 3. Ali asserts that Judge Jackson's six-month delay in issuing a corrected commitment order has caused him to be excluded from prison programs needed for him to obtain parole. *Id*. He adds that his parole eligibility date has also been postponed. *Id*. at 5. As relief, Ali seeks "a mandate and an injunction" directed to the state court as well as Judge Jackson requiring issuance of a new commitment order and one-million dollars in damages. *Id*. at 3. Because the complaint fails to state a claim upon which relief may be granted, it must be dismissed.[1]

Ali is incarcerated in the Maryland Division of Corrections and confined to Maryland Correctional Institution Jessup. ECF No. 5. As a prisoner proceeding in forma pauperis, his complaint is subject to review under 28 U.S.C. §§ 1915A and 1915(e). Under 28 U.S.C. §

---

[1] Ali was directed to supplement his filing with either the full filing fee or a Motion to Proceed in Forma Pauperis. ECF No. 3. The motion was received by this Court (ECF No. 4) and was subsequently granted. ECF No. 6 at 2, ¶ 4. The Clerk is directed to correct the docket to reflect that Plaintiff's motion to proceed in forma pauperis has been granted.

1915A, the Court shall screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722–23 (4th Cir. 1989). Similarly, under 28 U.S.C. § 1915(e)(2), a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Here, Ali is suing a member of Maryland's judiciary in his capacity as a judge. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but

vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id*. Therefore Ali's claims for Judge Jackson's alleged failure to correct a mistaken order and his claim for monetary damages are dismissed.

Ali's claim against the Circuit Court for Prince George's County is deficient because 42 U.S.C. § 1983 provides in relevant part that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

*Id*. (emphasis supplied). The Circuit Court is not a person and therefore cannot be sued for damages under § 1983.

Lastly, to the extent Ali seeks an Order from this Court directing a state court to correct an order, this Court does not have jurisdiction to grant that relief. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969) (federal courts do not have mandamus jurisdiction over state courts). Accordingly, the complaint must be dismissed.

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 6th day of April, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL CORRECT the docket to indicate Plaintiff's Motion to Proceed in Forma Pauperis has been GRANTED;

2. The complaint IS DISMISSED for failure to state a claim;

3. The Clerk SHALL PROVIDE a copy of the foregoing Memorandum Opinion and a copy of this Order to Plaintiff; and

4. The Clerk SHALL CLOSE this case.

                                                     /S/
                                             Paul W. Grimm
                                             United States District Judge